UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEELMAXX INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARAAJ MAHAL, et al., <br><br> Defendants. | Case No.: 1:22-cv-01506-ADA-SKO <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR SERVICE BY PUBLICATION** <br><br> (Docs. 7 & 8) |

### I.   INTRODUCTION

On November 21, 2022, Wheelmaxx Inc., dba Wheelmaxx Off Road and Tire Repair, Lubemaxx Lube and Oil, West Coast Tires & Auto Center, and West Coast Tires & Truck Center ("Plaintiff") sued Maraaj Mahal ("Defendant Mahal") and American Tire & Auto Repair Center, Inc. ("Defendant American Tire"). (*See* Doc. 1 ("Compl.").)  Plaintiff raises claims of breach of contract, trademark infringement, unfair competition, and trade dress infringement arising out of Defendant Mahal's alleged violations of the parties' franchise agreement. (Compl. ¶¶ 38–54.)  Plaintiff has been unable to serve Defendant Mahal.

Presently before the Court is "Plaintiff's Application for Alternate Service of Process and Extension of Time for Service of Process and Continuance of Other Deadlines and Mandatory

1

Scheduling Conference" (the "Application").[1]  (Doc. 7.)  The April 5, 2023, hearing was vacated by the undersigned and the matter was taken under submission.  (*See* Doc. 14.)  For the following reasons, the Court DENIES Plaintiff's Application without prejudice.

## II. BACKGROUND

### A. Facts Alleged in the Complaint

Plaintiff franchises independent businesses to operate Wheelmaxx shops.  (Compl. ¶ 9.)  The franchisees are licensed to use Plaintiff's service marks and trademarks and to operate under Plaintiff's system. (Compl. ¶ 9.)  Plaintiff alleges Defendant Mahal is the owner and operator of a retail franchise location pursuant to an agreement the parties entered into on January 10, 2022.  (Compl. ¶¶ 10, 21.)  According to Plaintiff, Defendant Mahal also operates Defendant American Tire[2] out of the same location as his Wheelmaxx location using Plaintiff's marks, trade dress and system.  (Compl. ¶ 10.)

Plaintiff alleges that under the franchise agreement, Defendant Mahal agreed, among other things, to use Plaintiff's proprietary marks, to pay several fees, and that Plaintiff could terminate the agreement if Defendant Mahal defaulted or failed to timely cure any default.  (Compl. ¶¶ 22–27.)  Plaintiff also contends Defendant Mahal agreed that upon termination of the franchise agreement, he would cease use of Plaintiff's proprietary marks and system, as well as operation of the franchised business.  (Compl. ¶¶ 28–29.)  According to Plaintiff, Defendant Mahal breached the franchise agreement by failing to pay the required fees, causing Plaintiff to send two notices indicating his default, the second of which terminated the franchise agreement.  (Compl. ¶¶ 30–33.)  Plaintiff alleges that despite the notices and termination of the agreement, Defendant Mahal continued to operate the franchised business using Plaintiff's proprietary marks and system.  (Compl. ¶¶ 34–35.)

### B. The Application for Service by Publication

On February 11, 2023, Plaintiff filed the present Application and requested that the Court permit alternate service on Defendant Mahal by publication and an extension of time for service of the summons

---

[1] After Plaintiff's Application was filed, the Court continued the date for the initial scheduling conference to June 22, 2023. (*See* Doc. 10.)
[2] On March 20, 2023, the Clerk of Court entered default as to Defendant American Tire.  (*See* Doc. 13.)

and complaint. (Doc. 7.) Plaintiff also filed a declaration[3] from its attorney, Amy R. Lovegren-Tipton, in support of the Application. (Doc. 8 at 1-3 ("Lovegren-Tipton Decl.").) Attached to the declaration is the process server's declarations of non-service listing its attempts to serve Defendant Mahal. (Doc. 8-1, Exh. A to Lovegren-Tipton Decl.)

In the declaration, Plaintiff's attorney describes hiring ABC Legal Services, LLC ("ABC Legal") on or around December 10, 2022, to personally serve Defendant Mahal with the summons and complaint in this action. (Lovegren-Tipton Decl. ¶ 3.) Counsel provided ABC Legal with Defendant Mahal's address of personal residence based on documents executed by him in connection with the current dispute, as well as a telephone number that Defendant Mahal directly provided to Plaintiff. (Lovegren-Tipton Decl. ¶¶ 4–5.) ABC Legal called two different telephone numbers a total of four times and left voicemails, but Defendant Mahal "refused to engage with the process server." (Lovegren-Tipton Decl. ¶ 1; Doc. 8-1, Exh. A to Lovegren-Tipton Decl.)

ABC Legal unsuccessfully attempted personal service on Defendant Mahal at his residence on at least eight different occasions. (Lovegren-Tipton Decl. ¶ 2; Doc. 8-1, Exh. A to Lovegren-Tipton Decl.) On the first occasion, a woman who indicated she was the resident at that address stated "the subject" did not live there. (Doc. 8-1, Exh. A to Lovegren-Tipton Decl.) Three of the attempts occurred on December 23, 24, and 26 of 2022. (*Id*.)

ABC Legal then attempted service on nine separate occasions at Defendant Mahal's last known business address, where he purportedly operates the franchise that is the subject of this dispute. (Lovegren-Tipton Decl. ¶¶ 3, 5.) Plaintiff's attorney states that this address "has been personally confirmed" by Defendant Mahal by virtue of documents provided to Plaintiff and "is readily apparent through public records." (Lovegren-Tipton Decl. ¶ 4; Exh. A to Lovegren-Tipton Decl.) On three of these occasions, ABC Legal was unable to access the address due to flooding. (Exh. A to Lovegren-

---

[3] The document submitted by Plaintiff's counsel appears to list paragraphs 1 through 5, and then the numbering restarts at 1 through 8. (*See* Doc. 8.) The Court refers to these paragraphs as they appear in the document. Furthermore, the caption of this document states that it is an affidavit. (Doc. 8 at 1.) As the Court discusses below, however, the contents of the document demonstrate that it is actually a declaration. (*See id*. ¶ 2 ("All of the facts contained within this declaration are true and correct to the best of my knowledge . . ."); *see also id*. at 3 ("I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.").)

Tipton Decl.) Two of these occasions included phone calls. (Exh. A to Lovegren-Tipton Decl.) On the last attempt, ABC Legal was informed that Defendant Mahal told his employees not to accept the documents. (Lovegren-Tipton Decl. ¶ 5; Exh. A to Lovegren-Tipton Decl.)

Lastly, Plaintiff's attorney conducted additional background research to ascertain any other possible locations at which Defendant Mahal could personally be served, "including the use of Lexis Nexis and other paid services." (Lovegren-Tipton Decl. ¶ 7.) All sources returned the same information that had already been utilized by ABC Legal for service of process. (*Id.*)

As of February 11, 2023, Plaintiff has not been able to locate or effect service of process on Defendant Mahal. (*See* Docs. 7 & 8.) In both the Application, related declaration, and exhibit (Docs. 7 & 8), Plaintiff does not identify which newspaper of general circulation it intends to publish the summons and complaint.

### III.  LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure § 415.50(a)(1) provides, in pertinent part, that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." California Government Code § 6060 requires that the notice "be published in a newspaper of general circulation for the period prescribed."[4]

---

[4] A "'newspaper of general circulation'" is a "newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established . . . for at least one year preceding the date of the publication, notice or advertisement." Cal. Gov't Code § 6000.

4

Service by publication is appropriate only where the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained with reasonable diligence. *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). Because service by publication should be utilized "only as a last resort," courts require a plaintiff "to show exhaustive attempts to locate the defendant." *Id*. "Reasonable diligence" in attempting to serve by other methods denotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith. A number of honest attempts to learn the defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1129 (1996). "'These are likely sources of information, and consequently must be searched before resorting to service by publication.'" *Id*. at 1137. "However, the showing of diligence in a given case must rest on its own facts and '[n]o single formula nor mode of search can be said to constitute due diligence in every case.'" *Id*. at 1137–38.

"'Personal service remains the method of choice under [California] statutes and the constitution,' and '[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020). When attempting to effect personal service, however, a person attempting to effect service is not required to "'exhaust all avenues of obtaining a current address'" once he or she is informed that a defendant no longer lives at a residence. *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001).

## IV. DISCUSSION

### A. Plaintiff's Application Shall Be Denied

#### 1. Plaintiff Has Not Demonstrated Reasonable Diligence

Although Plaintiff has shown more than a cursory effort, the Court finds that Plaintiff has not established reasonable diligence in its attempts to serve Defendant Mahal.

The relevant inquiry "is simply whether [Plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Through ABC Legal, Plaintiff avers attempting personal service as

follows: six total attempts to contact Defendant Mahal by calling two different telephone numbers and leaving voicemails; eight attempts of service at his personal residence—three of which occurred around the Christmas holiday; and nine attempts of service at his business address, which included three occasions where ABC Legal was unable to access the address due to flooding. (Lovegren-Tipton Decl. ¶¶ 1–5; Doc. 8-1, Exh. A to Lovegren-Tipton Decl.) Plaintiff also describes unsuccessfully conducting additional background research to ascertain any other possible locations at which Defendant Mahal could personally be served, "including the use of Lexis Nexis and other paid services." (Lovegren-Tipton Decl. ¶ 7.)

These efforts do not establish reasonable diligence, as Plaintiff failed to exhaust the myriad of other options available. Many courts have determined that good faith requires the plaintiff to show that other means to locate the defendant have been exhausted. *See, e.g.*, *Castillo-Antonio v. Azurdia*, No. C–13–05709 DMR, 2014 WL 7206609, at *4 (N.D. Cal. Dec. 18, 2014) (finding that hiring a private investigator "is one of the measures a plaintiff should take before requesting service by publication"); *THC-Orange Cty. Inc. v. Valdez*, Case No. 17-cv-01911-LB, 2017 WL 2171185, at *3 (N.D. Cal. May 17, 2017) (denying motion to serve by publication where the plaintiff did not consult relatives, friends, or neighbors, hire a private investigator, or attempt to contact the defendant via email); *accord Garcia v. Alcocer*, Case No. LACV 20-08419-VAP-JEMx, 2021 WL 1234719, at *2 (C.D. Cal. Feb. 25, 2021).

Plaintiff has not taken many of the steps identified above to conduct a "thorough, systematic investigation and inquiry" in good faith, let alone consult other "likely sources of information" that "must be searched before resorting to service by publication." *Kott*, 45 Cal. App. 4th at 1129, 1137. For example, Plaintiff did not hire a private investigator, nor did Plaintiff attempt to contact Defendant Mahal's relatives, friends, or neighbors to determine his whereabouts or residence. *See Garcia*, 2021 WL 1234719, at *2. Moreover, Plaintiff fails to indicate whether it attempted to locate a reliable email address for Defendant Mahal and contact him through that method. *Id*. (quoting *Facebook, Inc. v. Banana Ads, LLC*, Case No. C–11–3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (finding "service by email is 'reasonably calculated to give actual notice'" to domestic defendants)). In addition, Plaintiff does not show that the multiple phone numbers called by ABC Legal were actually

associated with Defendant Mahal, nor how trying to serve Defendant Mahal during flooding and around the Christmas holiday demonstrates reasonable diligence. *See Garcia*, 2021 WL 1234719, at *2.

Because Plaintiff has not shown that it exhausted other ways to locate Defendant Mahal, Plaintiff has not met the reasonable diligence requirement under Section 415.50(a)(1). Even assuming Plaintiff met this requirement, as stated above, Plaintiff fails to identify the newspaper in which it seeks to publish the summons. "Without this information, the Court is unable to determine whether the intended newspaper is most likely to give actual notice of the action to [Defendant Mahal]." *Garcia*, 2021 WL 1234719, at *2; *see also* Cal. Civ. Proc. Code § 415.50(b) (a summons by publication must be published in a named newspaper that is most likely to give actual notice to the party to be served). Furthermore, as the Court discusses next, Plaintiff's Application fails to show that a cause of action exists against Defendant Mahal.

**2. Plaintiff Has Not Submitted an Affidavit Showing a Valid Cause of Action Exists against Defendant Mahal in this Action**

The Court further finds that Plaintiff has not satisfied its statutory burden of demonstrating, by affidavit, that a cause of action exists against Defendant Mahal.

Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977). "The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication." *Colonize Media, Inc. v. Palmer*, Case No. 1:20-cv-01053-DAD-SAB, 2021 WL 1839697, at *2 (E.D. Cal. May 7, 2021) (citing *Harris*, 68 Cal. App. 3d at 726–27); *accord Indian Hills Holdings, LLC*, 337 F.R.D. at 302.

Here, the declaration submitted by Plaintiff's attorney falls far short of meeting Section 415.50's requirement of "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action" against Defendant Mahal. *Indian Hills Holdings, LLC*, 337 F.R.D. at 302. "California courts have held that a declaration by counsel, and even a verified complaint, are insufficient to meet the jurisdictional requirement." *Colonize Media, Inc.*, 2021 WL 1839697, at *2

(citing *Indian Hills Holdings, LLC*, 337 F.R.D. at 302); *see also Cummings v. Brantley Hale*, Case No. 15-cv-04723-JCS, 2016 WL 4762208, at *3 (N.D. Cal. Sept. 13, 2016) (denying the plaintiff's request for service by publication because, *inter alia*, the submitted declaration by counsel did not "purport to be an affidavit" and was "not sworn"). As a declaration, and not an affidavit, it is unclear whether this document would legally satisfy Section 415.50's affidavit requirement to establish either reasonable diligence or a cause of action. *Colonize Media, Inc.*, 2021 WL 1839697, at *3.

Moreover, Plaintiff's attorney's declaration recites only facts about its attempts to serve Defendant Mahal. (*See* Doc. 8.) The declaration contains no indication as to what facts, if any, could support a cause of action against Defendant Mahal as required by Section 415.50. *See Indian Hills Holdings, LLC*, 337 F.R.D. at 302; *see also Rose v. Seamless Fin. Corp. Inc.*, Case No. 11cv240 AJB (KSC), 2013 WL 1385515, at *3 (S.D. Cal. Mar. 26, 2013) (deeming deficient an application for service by publication that "simply reiterate[d] the attempts at service" and was "'devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against [any of the] defendants.'"); *THC-Orange Cty. Inc.*, 2017 WL 2171185, at *3 (deeming deficient a declaration that incorporated by reference and certified the factual allegations contained in the complaint "'because the affidavit itself must include the statement of facts.'").

"Finally, it is generally recognized that service by publication rarely results in actual notice." *Garcia v. Beeson*, Case No. 22-cv-00136-TSH, 2022 WL 2673078, at *2 (N.D. Cal. June 6, 2022) (citing *Watts*, 10 Cal. 4th at 749 n.5). The Court will not permit service by such means unless Plaintiff satisfies its burden of showing exhaustive attempts to locate and serve Defendant Mahal and show that a cause of action exists against him. *Id*. Accordingly, the last resort option of service by publication is inappropriate at this time. Plaintiff's Application is DENIED without prejudice.

B.  **The Court Will Grant Plaintiff an Extension of Time**

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). Even absent good cause, Rule 4(m) permits the Court to grant an extension of time. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

In light of the difficulties Plaintiff has encountered in locating Defendant Mahal to effect service of process, the Court will grant Plaintiff an extension of time to effect service on Defendant Mahal or to file a second application to serve by publication curing the deficiencies identified in this order.

### V.    ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's Application to serve Defendant Mahal by publication is DENIED without prejudice;
2.  The time for Plaintiff to effect service of process on Defendant Mahal is extended by sixty (60) days from the date of entry of this order;
3.  Within sixty-five (65) days of entry of this order, Plaintiff shall either file proof that Defendant Mahal has been served with the summons and complaint in this action or a second application to effect service by publication; and
4.  Failure to serve in compliance with this order will result in a recommendation that this action be dismissed for failure to serve in compliance with Rule 4 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **May 3, 2023**                            /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

5.