# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEELMAXX INC. doing business as WHEELMAXX OFF ROAD AND TIRE REPAIR, LUBEMAXX LUBE AND OIL, WEST COAST TIRES & AUTO CENTER, and WEST COAST TIRES & TRUCK CENTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARAAJ SINGH MAHAL, an individual; AMERICAN TIRE & AUTO REPAIR CENTER, INC., a California corporation,<br><br>　　　　　Defendant.<br>_____/ | Case 1:22-cv-01506-NODJ-SKO<br><br>**ORDER DIRECTING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING RE MOTION FOR DEFAULT JUDGMENT**<br><br>**21 DAY DEADLINE** |

　　　Pending before the undersigned is a motion for default judgment (Doc. 21) by Plaintiffs Wheelmaxx, Inc., doing business as Wheelmaxx Off Road and Tire Repair, Lubemaxx Lube and Oil, West Coast Tires & Auto Center and West Coast Tires & Truck Center (the "Plaintiffs") against Maraaj Singh Mahal, an individual, and American Tire & Auto Repair Center, Inc., a California corporation ("American Tire") (collectively the "Defendants").[1]  No opposition to the motion has been filed.  (*See* Docket.)

---

[1] The motion for default judgment is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings and recommendations to the to-be-assigned district judge.  *See* 28 U.S.C. § 636(b)(1)(B).

1  Plaintiffs allege the Defendants have violated the terms of a franchise agreement, resulting in claims for breach of contract, trademark infringement, service mark infringement, trade dress infringement and unfair competition under both federal and state law. (Doc. 1). Plaintiffs are seeking $95,139.87 in damages, costs and fees, which includes the following: $15,915.50 for actual damages resulting from Defendants' breach of contract; $73,347.17 of actual damages based on uncollected royalty and marketing fees; $4,830.00 for attorney's fees; and $1,047.20 in costs associated with litigating the action. (Doc. 21-5 at 22).

Plaintiffs' damages are not "clearly ascertainable" for several reasons, as California law requires. Cal. Civ. Code § 3301 (damages arising from a breach of contract must be "clearly ascertainable in both their nature and origin."). Plaintiffs make no argument in their brief related to damages other than asserting they are entitled to them. (*See* Doc. 21-5 at 22). Plaintiffs have included an affidavit in support of their motion by Wheelmaxx CEO Ibrahim Alwareeth, (Doc. 21-3 at 9), estimating Plaintiffs' damages based on sales reports from other franchises during the relevant period, but the affidavit does not provide an adequate basis to determine damages.

Plaintiffs terminated the agreement on October 26, 2022 (Doc. 21-3 at 5), but the affidavit calculates the fees beginning on October 1, 2022, without explanation. Plaintiffs have also failed to provide any authority to demonstrate why the Court should use the average sales from other franchisees to calculate damages. For example, there is a sizeable disparity between the two franchisees' sales that Plaintiffs used to estimate Defendants' 2022 unpaid fees. The Tulare franchise had $1,145,036.84 in total sales in 2022, while the Fresno franchisor had less than half that amount in sales ($506,899.44) for the same period. (Doc. 21-3 at 9). Similarly, the weekly sales average for other franchisees in 2023 ranged from $11,387.46 to $21,722.20. (Doc. 21-3 at 9). Plaintiffs also fail to provide any argument or legal authority to demonstrate they are entitled to recover costs and attorney's fees. Without such substantiation, the undersigned cannot recommend awarding the full amount sought for these claims.

Accordingly, IT IS HEREBY ORDERED that **within twenty-one (21) days** of entry of this order, Plaintiffs SHALL file supplemental briefing, together with supplemental declarations and spreadsheets, if appropriate, addressing Plaintiff's estimated damages. Plaintiffs' supplemental

briefing must also provide legal authority stating why Plaintiffs are entitled to recover costs and attorney's fees.

IT IS SO ORDERED.

Dated:  **January 31, 2024**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE