UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEELMAXX INC. doing business as WHEELMAXX OFF ROAD AND TIRE REPAIR, LUBEMAXX LUBE AND OIL, WEST COAST TIRES & AUTO CENTER, and WEST COAST TIRES & TRUCK CENTER,<br><br>Plaintiff,<br><br>v.<br><br>MARAAJ SINGH MAHAL, an individual; AMERICAN TIRE & AUTO REPAIR CENTER, INC., a California corporation,<br><br>Defendants. | Case No. 1:22-cv-01506-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br><br>Docs. 21, 30 |

On November 11, 2023, Plaintiff Wheelmaxx, Inc., doing business as Wheelmaxx Off Road and Tire Repair, Lubemaxx Lube and Oil, West Coast Tires & Auto Center and West Coast Tires & Truck Center (collectively "plaintiffs"), filed a motion for default judgment against Maraaj Singh Mahal, an individual, and American Tire & Auto Repair Center, Inc., a California corporation ("American Tire") (collectively "defendants"). Doc. 21. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1    On March 29, 2024, the assigned magistrate judge issued findings and recommendations, recommending that the motion for default judgment be granted in part. Doc. 30. Specifically, the findings and recommendations found that plaintiffs had satisfied the requirements for entering default judgment as to its claims for breach of contract, trademark infringement, and unfair competition under the factors laid out in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Id.* at 5–9. While the findings and recommendations found that the amount sought for attorneys' fees and costs of litigation was reasonable, they recommended reducing the amount of damages awarded, as some of plaintiffs' requested damages were not "clearly ascertainable." *See* Cal. Civ. Proc. Code § 3301; *id.* at 15–18. The findings and recommendations contained notice that any objections thereto were to be filed within twenty-one (21) days after service. *Id.* at 19. No party filed objections, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations, filed on March 29, 2024, Doc. 30, are ADOPTED IN FULL;
2. Plaintiffs' motion for default judgment, Doc. 21, is GRANTED with respect to plaintiffs' claims for breach of contract, trademark infringement and unfair competition, and DENIED with respect to plaintiffs' claim for trade dress infringement;
3. Plaintiffs are awarded actual damages in the amount of $26,265.50;
4. Plaintiffs are awarded reasonable attorney's fees in the amount of $4,830.00 and costs of suit in the amount of $1,047.20;
5. Defendants, and their agents, servants, employees, and attorneys, and all others in active concert or participation with them are ENJOINED
    i. from infringing upon the Wheelmaxx Marks,
    ii. from otherwise engaging in unfair competition with Wheelmaxx; and

          iii. to comply with all post-termination monetary and de-identification obligations under the Franchise Agreement; and

6. Plaintiffs are ordered to mail a copy of this Order to defendants at their last known address.

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 2, 2025

_____
UNITED STATES DISTRICT JUDGE

3