**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WHEELMAXX INC., doing business as WHEELMAXX OFF ROAD AND TIRE REPAIR, LUBEMAXX LUBE AND OIL, WEST COAST TIRES & AUTO CENTER, and WEST COAST TIRES & TRUCK CENTER,<br><br>Plaintiff,<br><br>v.<br><br>MANRAAJ SINGH MAHAL, et al.<br><br>Defendants. | Case No. 1:22-cv-1506 KES SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION PURSUANT TO RULE 60 AND DIRECTING CLERK OF COURT TO UPDATE DOCKET AND ISSUE AMENDED JUDGMENT<br><br>ORDER VACATING HEARING DATE OF MAY 6, 2026<br><br>Docs. 42, 43 |

Plaintiff moves to correct the record and amend the judgment entered in this action, to correct the spelling of defendant's name from "Maraaj Singh Mahal" to "Manraaj Singh Mahal." Doc. 42 at 1; Doc. 43 at 4. Plaintiff acknowledges it misspelled Mahal's name in the complaint and reports that the company learned of the misspelling when attempting to enforce the judgment. Doc. 43 at 4. Plaintiff seeks relief under Rule 60(a) to correct the erroneous spelling, which is also reflected in the Court's judgment. *Id.* at 5-6.

Pursuant to the Federal Rules of Civil Procedure, the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The court has discretion to correct errors that do not require substantive changes to a decision—including spelling mistakes—under

1

Rule 60(a). *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014); *see also Icho v. MC Hammer*, 434 Fed. Appx. 588, 589 (9th Cir. 2011) ("the district court did not abuse its discretion in correcting the spelling of [the defendant's] last name under Rule 60(a)").

As the spelling change does not require any substantive change to the decision that resulted in the entry of judgment, the requested relief is appropriate under Rule 60(a). *See Tattersalls, Ltd.*, 745 F.3d at 1298; *Icho*, 434 Fed. Appx. at 589.

The Court **ORDERS**:

1. The hearing set for May 6, 2026, is **VACATED**.

2. Plaintiff's motion to correct the record and amend the judgment (Doc. 42) is **GRANTED**.

3. The Clerk of Court is **DIRECTED** to update the docket, by changing the spelling of defendant Mahal's name from Maraaj Singh Mahal to Manraaj Singh Mahal.

4. The Clerk of Court **SHALL** issue an amended judgment reflecting the corrected spelling of defendant Mahal's name.

IT IS SO ORDERED.

Dated:   April 23, 2026    _____
UNITED STATES DISTRICT JUDGE

2